UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID CHARLES ROOSA,

                          Plaintiff,

      v.                                       3:10-cv-433

MARK S. OCHS, et al,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff commenced the instant action claiming violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and also asserting state law claims of the intentional infliction of emotional distress, the negligent infliction of emotional distress, invasion of privacy, defamation, and prima facie tort arising out of his removal from the list of assigned counsel and his indefinite suspension from the practice of law.

**I.**      **FACTS**

        The Complaint alleges that Plaintiff graduate from Syracuse University College of Law in December 1996. He was admitted to the practice of law as an attorney by the Appellate Division of the Supreme Court of the State of New York, Fourth Judicial Department, in July 1997.

        On August 6, 2007, Plaintiff submitted a request for accommodation to Defendant Delaware County and Family Court Judge Carl Becker. Becker did not respond to the request for accommodation and, instead, forwarded the request to the Third Department

Appellate Division Committee on Professional Standards (the "Committee"). Becker "refused to assign Plaintiff to any further cases under either County Court or Family Court NY County Law 18-B programs, or under the Law Guardian program, with few exceptions." Compl. at ¶ 24.

The Committee made a confidential request to the Third Department Appellate Division to have Plaintiff evaluated for mental incapacity. Plaintiff consented to the evaluation, which was performed by Dr. Jeffry Luria on February 8, 2008. Dr. Luria's evaluation "did not primarily recommend suspension, but recommended treatment, under the supervision of the Committee. . . ." Id. at ¶ 39. The Committee moved to suspend Plaintiff from the practice of law under 22 N.Y.C.R.R. § 806.10(a). Plaintiff opposed the motion and requested that the proceedings remain confidential. By Order dated May 23, 2008, the Appellate Division indefinitely suspended Plaintiff from the practice until he proved that he was no longer mentally incapacitated. Plaintiff's suspension, and the reason therefore, was disseminated to the media.

Presently before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff failed to submit timely opposition papers.

## II.     DISCUSSION

### a.     Eleventh Amendment

"A suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity." Fla. Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 684 (1982); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Here, Plaintiff seeks relief against a state court judge, the Committee, and the various members of that Committee.

There being no indication that the State has consented to suit or that its immunity has otherwise been abrogated, the claims against the Committee and the individual Defendants in their official capacities must be DISMISSED.[1]  See Humphrey v. New York, 108 Fed. Appx. 691 (2d Cir. 2004); Aretakis v. Committee on Professional Standards, 2009 WL 1905077, at *8 (S.D.N.Y. 2009); Richards v. State of New York, 597 F. Supp. 692 (E.D.N.Y. 1984), aff'd, 767 F.2d 908 (2d Cir. 1985).

### b.    Rooker-Feldman

The instant matter also is barred by the Rooker-Feldman doctrine.  District Courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

> There are four requirements for the application of Rooker-Feldman.  First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff must complain of injuries caused by a state-court judgment.  Third, the plaintiff must invite district court review and rejection of that judgment.  Fourth, the state-court judgment must have been rendered before the district court proceedings commenced. . . .

Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotations and alterations omitted).

---

[1] Plaintiff's Complaint seeks only monetary damages and, thus, Ex Parte Young is inapplicable.  209 U.S. 123 (1908).  Moreover, while the Eleventh Amendment may not bar the Title II ADA claim, see Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 112 (2d Cir. 2001) ("we hold that a private suit for money damages under Title II of the ADA may only be maintained against a state if the plaintiff can establish that the Title II violation was motivated by either discriminatory animus or ill will due to disability"), for reasons to be discussed *infra*, the Rooker-Feldman doctrine bars the Title II claim.

Here, all four elements are satisfied. Having been suspended by the Appellate Division, Plaintiff lost in state court. Second, Plaintiff is complaining of injuries caused by the state court judgment; namely, his suspension from the practice of law. Third, by claiming that he should have been accommodated rather than suspended, Plaintiff is asking this Court to reject the state court's judgment that suspension was appropriate under the circumstances. Fourth, the state court judgment was rendered before the instant action was commenced. Further, the Second Circuit has held that District Courts are precluded by the Rooker-Feldman doctrine from reviewing claims attacking a state court's decision regarding the discipline of an attorney. Zimmerman v. Grievance Comm. of the Fifth Judicial Dist., 726 F.2d 85, 86 (2d Cir. 1984); see also McKeown v. New York State Comm'n on Judicial Conduct, — Fed. Appx. —, 2010 WL 1977825 (May 18, 2010). Plaintiff's state law claims and his claim under the ADA ask this Court to review state court decisions concerning his suspension from the practice of law. Accordingly, the Rooker-Feldman doctrine deprives this Court of jurisdiction.

  **c. Claims Under the ADA**

To the extent this Court has subject matter jurisdiction over the claims brought under the ADA against Judge Becker, they must, nonetheless, be dismissed. There is no individual liability for money damages under Title I or Title II of the ADA. Tomka v. Seiler, Mascetti v. Zozulin, 2010 WL 1644572, at *3 (D. Conn. 2010); Yates v. Fisher, 2010 WL 457106, at *4 (N.D.N.Y. 2010); M.K. ex rel. Mrs. K. v. Sergi, 554 F. Supp.2d 201, 230 (D. Conn. 2008); Harnett v. Fielding Graduate Institute, 400 F. Supp.2d 570, 575 (S.D.N.Y. 2005); Rosa v. Dibble, 2004 WL 1071143 (W.D.N.Y. 2004). Because Plaintiff's Complaint seeks only monetary damages, the claims must be dismissed.

### d.     Judicial and Quasi-Judicial Immunity

In this case, because Plaintiff appears to a be citizen of the State of Pennsylvania and Defendants are citizens of the State of New York, federal jurisdiction may be founded upon diversity jurisdiction.  As such, state substantive law determines whether Defendants are entitled to immunity.  Gross v. Rell, 585 F.3d 72, 80 (2d Cir. 2009).  New York law recognizes quasi-judicial immunity for "neutrally positioned government officials, regardless of title, who are delegated judicial or quasi-judicial functions. . . ."  Tarter v. State, 68 N.Y.2d 511, 531 (1986).

"Under the doctrine of quasi-judicial immunity, absolute immunity extends to administrative officials performing discretionary acts of a judicial nature."  Sassower v. Mangano, 927 F.Supp. 113, 120 (S.D.N.Y. 1996).  Several courts have previously determined that attorney disciplinary proceedings are judicial in nature and, thus, fall within the scope of judicial, quasi-judicial, or prosecutorial immunity.  See Truong v. McGoldrick, 2006 WL 1788960, at *3-4 (S.D.N.Y. 2006) (extending immunity to members of the state judiciary and the Committee); see also Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 433 (1982); Topal v. State, 263 A.D.2d 414 (1st Dep't 1999); Barbara v. New York Stock Exchange, Inc. 99 F.3d 49, 58 (2d Cir. 1996); Sassower, 927 F.Supp. at 120; Klapper v. Guria, 153 Misc.2d 726 (Sup. Ct. New York County 1992).  The acts at issue here were discretionary acts of a judicial and/or prosecutorial nature.  Accordingly, the state law claims against the individual defendants are barred by absolute judicial and quasi-judicial immunity apply.  Aretakis, 2009 WL 1905077, at *9 (claims for money damages concerning acts taken in connection with the Committee are barred by the doctrine of quasi-judicial immunity); Sassower, 927 F. Supp. at 120-21.

### e. Failure to File Opposition Papers

As previously noted, Plaintiff did not file opposition papers. Pursuant to N.D.N.Y.L.R. 7.1(b)(3), "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting . . . of the motion . . . unless good cause is shown." For the reasons stated above, Defendants have met their burden demonstrating their entitlement to dismissal. Plaintiff's failure to file and serve papers as required by Local Rule 7.1 is deemed consent to the granting of the motion.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and the Complaint is DISMISSED. The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated: July 12, 2010

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge